IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HAROLD S. DOUGLAS | : | CIVIL ACTION |
| v. | : | |
| PENSION BENEFIT GUARANTY CORP. | : | NO. 06-cv-3170 |

MEMORANDUM RE: SUMMARY JUDGMENT

**Baylson, J.**                                                                                                    **July 18, 2008**

Presently before this Court is Defendant's Motion for Summary Judgment and Plaintiff's Motion for Monetary Award. For the following reasons, Defendant's motion will be granted and Plaintiff's motion will be denied.

**I.        Background and Procedural History**

Harold Douglas (hereinafter "Plaintiff," "Mr. Douglas") was hired as an employee at Lukens Steel Company (hereinafter "Lukens Steel") on April 14, 1969. (Def's Mot. for Summary Judgment, Ex. 3). From the record, Mr. Douglas worked at Lukens Steel from April 14, 1969 until June 27, 1974, at which time he incurred a break in service due to a medical restriction. He returned to his job on May 15, 1979, and worked there until November 7, 1981, until his service ended due to a reduction in force. (Def's Mot. for Summary Judgment, Ex. 3).

Mr. Douglas was a participant in the Pension Agreement between Lukens Steel Company and the United Steelworkers of America (hereinafter "the Plan"). In order for a participant to qualify for a Permanent Incapacity Retirement pension under the Plan, two conditions must be met: (1) a participant must have 15 years of continuous service with the company, and (2) the

participant must be permanently incapacitated. (Def.'s Mot. for Summary Judgment, Ex. 1, Sec. 2.5). "Continuous service" is defined as service prior to retirement calculated from the employee's last hiring date. (Id., Ex. 1, Sec. 5.1). If an employee ceases employment with Lukens Steel due to a layoff or permanent incapacity (i.e. disability), he will be credited with up to two years of service and will not incur a break in service. (Id., Ex. 1, Sec. 5.1(a)(1)). If an employee ceases employment for longer than two years, however, he will incur a break in service unless the absence is due to a compensable disability incurred during the course of employment. (Id.).

Pension Benefit Guaranty Corporation (hereinafter "Defendant," "PBGC") is a wholly owned United States government corporation that was created under the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"). PBGC administers the federal insurance program for underfunded pension plans that terminate. When a pension plan covered under Title IV of ERISA terminates without sufficient assets to pay benefits, PBGC will become the trustee of the plan, takes over the plan's assets and liabilities, and pays guaranteed benefits to plan participants and their beneficiaries. (Def's Mot. for Summary Judgment at 1-2; PBGC v. LTV Corp., 496 U.S. 633 (1990); 29 U.S.C. §§ 1322, 1342, 1344, 1361)).

In January, 2004, Mr. Douglas sent a letter to PBGC to inquire about his eligibility for a Permanent Incapacity Retirement pension. On March 3, 2004, PBGC issued a determination letter stating that Plaintiff was not eligible for such a pension because he did not have 15 years of continuous service with Lukens Steel, as required by the Plan. (Def.'s Mot. for Summary


Judgment, Ex. 5).  Mr. Douglas appealed this determination, and on June 4, 2004, the PBGC Appeals Board issued a final decision, denying Mr. Douglas' appeal.[1]  (Id.).

On November 7, 2006, Mr. Douglas filed a Complaint (Doc. No. 3) in this Court.  Defendant filed a Motion for Summary Judgment (Doc. No. 26).  Plaintiff filed a Response to Defendant's Motion.  (Doc. No. 31).  Plaintiff also filed a Motion for Monetary Award (Doc. No. 27).  Defendant filed a Response to Plaintiff's Motion (Doc. No. 28).

## II.    Parties' Contentions

Defendant contends that the sole issue in this case is whether Plaintiff has at least 15 years of continuous service with Lukens Steel.  Defendant contends that it correctly calculated that Plaintiff had 11 years, eight months of service.  Plaintiff contends that he in fact has 18 years of continuous service with Lukens Steel, from April 14, 1969 until December 31, 1987, and therefore has the requisite years to qualify for a Permanent Incapacity Retirement pension.  (Pl.'s Resp. at 1). Plaintiff relies on his Social Security Itemized Earnings Statement to prove his continuous years of service.

## III.   Legal Standard

### A.    Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

---

[1] Defendant notes in its brief that after the Appeals Board's decision, Plaintiff sent PBGC a copy of his Social Security Itemized Earnings Statement, contending that it proved 18 years of continuous service.  Although its decision was final, Defendant did review the statement and concluded that the statement did not show that Plaintiff had the requisite 15 years of service. (Def's Mot. for Summary Judgment at 4).

matter of law." FED. R. CIV. P. 56(c).  An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  A factual dispute is "material" if it might affect the outcome of the case under governing law.  Id.

A party seeking summary judgment always bears the initial responsibility for informing the district court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).  Where the non-moving party bears the burden of proof on a particular issue at trial, the moving party's initial burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case."  Id. at 325.  After the moving party has met its initial burden, "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."  FED. R. CIV. P. 56(e).  Summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex, 477 U.S. at 322.  Under Rule 56, the Court must view the evidence presented on the motion in the light most favorable to the opposing party.  Anderson, 477 U.S. at 255.

      B.      Administrative Procedure Act

The Administrative Procedure Act, 5 U.S.C. § 701, et seq. (hereinafter "APA") provides in relevant part that agency actions, findings, and conclusions can be set aside only if they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C.

§ 706(A), (E).  This is a very narrow and highly deferential standard under which an agency's action is presumed valid.  Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 415 (1971).  Even if a reviewing court would not have made the same decision as the agency, a reviewing court is "not empowered to substitute its judgment for the agency's." Id. at 416.  Instead, the court's inquiry is limited to determining whether the agency "considered the relevant factors and articulated a rational connection between the facts found and the choice made." Baltimore Gas & Elec. Co. v. National Res. Def. Council, Inc., 462 U.S. 87, 105 (1983).  Thus, this Court is only free to determine whether the agency followed its own guidelines or committed a clear error of judgment.  See Overton Park, supra, at 416; Davis Enterprises, supra, at 1186.

**IV.   Discussion**

PBGC's determination is subject to the "arbitrary and capricious" standard and is entitled to some deference by this Court.  See Pension Benefit Guaranty Corp. v. LTV Corp., 496 U.S. 633, 656 (1990); Pension Benefit Guaranty Corp. v. FEL Corp., 798 F.Supp. 239 (D.N.J. 1992).  At the same time, this Court must construe the pleadings of pro se plaintiffs liberally, as they are generally held to "less stringent standards than formal pleadings drafted by lawyers." Estelle v. Gamble, 429 U.S. 97, 106 (1976); see also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  Thus, the Court will read Plaintiff's briefings to argue that PBGC abused its discretion in denying Mr. Douglas' claim and that their decision was arbitrary and capricious.  Even construed in this manner, however, Mr. Douglas' claim cannot survive summary judgment.

In reviewing Mr. Douglas' claim, PBGC concluded that he worked for a total of 11 years, eight months for Lukens Steel between 1969 and 1983.  (Def.'s Mot. for Summary Judgment,

Ex. 3). PBGC made this calculation based on Plaintiff's service dates with the company, which it described in a letter to Mr. Douglas as follows:

| | |
|---|---|
| Original Hire Date: | 4/14/69 |
| Last Day Worked due to medical restriction: | 6/22/74 |
| Plus two additional years service:[2] | 6/27/76 |
| Total Service: | 7 years, 2 months |
| Reinstated: | 5/15/79 |
| Laid Off - reduction in force: | 11/07/81 |
| Plus two additional years service:[2] | 11/07/83 |
| Total Service: | 4 years, 6 months |
| Total of ALL Service: | 11 years, 8 months |

(Id.).

There is nothing in the record to show that PBGC abused its discretion, nor is there any evidence showing that PBGC's decision was arbitrary or capricious. PBGC considered all of the relevant factors - namely, Plaintiff's years of service with Lukens Steel - and concluded that he did not have 15 years of continued service with the company. Even construing Plaintiff's pleadings and briefs liberally, Plaintiff fails to show that PBGC abused its discretion. The Earnings Statement which Plaintiff submitted does not show that he was continuously employed for 15 years. Indeed, the break in service in the late 1970s on which Defendant Appeals Board relied in its decision is confirmed, and not contradicted, by the Earnings Statement. PBGC was within its discretion to deny Mr. Douglas' request and appeal.

---

[2] Under PBGC's policy, if an employee ceases employment with the company due to a layoff or Permanent Incapacity (i.e. disability), he will be credited with up to two years of service under the Plan and will not incur a break in service. (Def.'s Mot. for Summary Judgment, Ex. 1, Sec. 5.1(a)(1)). Under the policy, Mr. Douglas received credit for two of these two-year terms.

For these reasons, Defendant's Motion for Summary Judgment will be granted, and Plaintiff's Motion for Monetary Award will be denied.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HAROLD S. DOUGLAS | : | CIVIL ACTION |
| v. | : | |
| PENSION BENEFIT GUARANTY CORP. | : | NO. 06-cv-3170 |

**ORDER**

AND NOW, this   th day of July, 2008, after careful consideration of both parties' motions, it is hereby ORDERED that Defendant Pension Benefit Guaranty Corp.'s Motion for Summary Judgment (Doc. No. 26) is GRANTED, and Plaintiff Harold Douglas' Motion for Monetary Award (Doc. No. 27) is DENIED.

BY THE COURT:

/s/ Michael M. Baylson
Michael M. Baylson, U.S.D.J.

A:\Douglas v, PBGC - SJ 07-18-08.wpd